UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MARY F. AKRIDGE,**　　　　　　　　　CASE NO.: 1:17-CV-104-MW-GRJ

　　Plaintiff,

v.

**SCHOOL BOARD OF ALACHUA COUNTY,**

　　Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, MARY F. AKRIDGE, hereby sues Defendant, ALACHUA COUNTY PUBLIC SCHOOLS, and alleges:

### NATURE OF THE ACTION

1.　This is an action brought under §112.3187, Florida Statutes, Chapter 760, Florida Statues; 42 U.S.C. §2000e et seq.; and 42 U.S.C. §1981a.

2.　This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest. This case was removed to this Court by the Defendant.

### THE PARTIES

3.　At all times pertinent hereto, Plaintiff, MARY F. AKRIDGE, has been a resident of the State of Florida and was employed by Defendant.  Plaintiff is a

member of a protected class because of her gender. Moreover, Plaintiff is a member of a protected class because she reported and/or opposed unlawful employment and other practices and was subject to retaliation thereafter.

4. At all times pertinent hereto, Defendant, ALACHUA COUNTY PUBLIC SCHOOLS, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began her employment with the Defendant on or around February 17, 2004. She held the position of Executive Assistant to the Director of Risk Management James Sumner and performed or assisted in performing most of his core job duties on a daily basis for almost 7 years.

7. Specifically, Plaintiff handled workers' compensation claims and insurance renewals, investigated insurance claims and responded to inquiries from

employees, administration, etc. Mr. Summer had no knowledge of or experience with insurance. Summers retired.

8. In March/April 2014, Plaintiff expressed interest in being promoted to the Director of Risk Management position. Scott Ward told Plaintiff that he did not think she was a "fit" for the Director position.

9. The department was restructured/reorganized, new positions were created which resulted in Alex Rella (male) being promoted to assume the job duties of the former Director of Risk Management and Scott Jamison (male) also being promoted.

10. Rella has no related experience in insurance and Plaintiff was more qualified for the position. Plaintiff has approximately 20 years of experience handling insurance matters and performed the majority of the duties of the position in question.

11. On April 9, 2014, Plaintiff complained about being passed over for the position to Hershel Lyons. Lyons told Plaintiff that he saw nothing wrong and that Plaintiff's reaction could influence or affect her future in the department.

12. Thereafter, Plaintiff filed a charge of employment discrimination with the EEOC. Since that time, she was subjected to threats to her job and micromanagement. Plaintiff was ultimately fired on December 18, 2017 on

contrived allegations.  Her termination was in reality the result of ongoing discrimination and/or retaliation.

13.     Prior to her termination, Plaintiff reported in writing on July 26, 2016 to a School Board member fraud by Scott Jamison, Plaintiff's supervisor, for signing off on a document that was sent to the State of Florida to claim credit, which would have given the Defendant money, for a program that did not exist. Additionally, after the Defendant gave notice to Plaintiff that she could be fired in late 2017 but before she was fired, Plaintiff also reported in writing, in part, that money that the Defendant was supposed to have paid for claims appeared to be unaccounted for within the Defendant to the tune of millions of dollars.  Plaintiff was fired at least in part because of these and other written disclosures about misfeasance and malfeasance within the Defendant that preceded her termination.

14.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws set forth above.

## COUNT I
## GENDER DISCRIMINATION

15.     Paragraphs 1-14 are re-alleged and incorporated herein by reference.

16.     This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

4

17. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

18. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

19. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

20. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

21. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

22. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment advancement with Defendant.

23. The events set forth herein led, at least in part, to the adverse employment action described herein including her termination.

24. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

25. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief.

## COUNT II
## RETALIATION

26. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

27. Defendant is an employer as that term is used under the applicable statutes referenced above.

28. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq., Chapter 760, Florida Statutes, and other statutory provisions cited herein.

29. The foregoing unlawful actions by Defendant were purposeful.

30. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

31. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter including her termination.

32. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT III
## <u>VIOLATION OF PUBLIC WHISTLE BLOWER ACT</u>

33. Paragraphs 1-14 are incorporated herein by reference.

34. This is an action against Defendant under §112.3187 <u>et seq.</u>

35. Plaintiff was a public employee protected under Chapter 112, Florida Statutes.

36. As stated more specifically, in part, above, Plaintiff reported and disclosed violations of state rules, regulations and laws to a person who had the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws reported by Plaintiff. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187 (5), <u>et seq.</u>, Florida Statutes.

37. After providing information as well as reporting these matters as related in part above, Plaintiff was the victim of retaliatory actions as set forth more fully above.

38. Plaintiff's position and responsibilities within Defendant were adversely affected as a result of reporting violations of rules, regulations and laws specified in part above. These actions were taken against him after he objected to and/or reported matters that he reasonably suspected were and/or

8

actually were incidents of gross misconduct, malfeasance, and/or misfeasance within Defendant. These reports were conveyed in writing and/or were made to supervisors and/or other persons within the Defendant who could remedy the violations. After reporting these matters within Defendant, adverse actions were taken against him.

39. Under §112.3187(4), Defendant is prohibited from taking adverse personnel action against persons like Plaintiff who disclose the types of information disclosed by Plaintiff. Specifically, Defendant is prohibited from dismissing, disciplining or otherwise taking any other adverse personnel action against an employee for disclosing information pursuant to the provisions of §112.3187(4), Florida Statutes. Under §112.3187(3)(c) "adverse personnel action" is defined as "the discharge, suspension, transfer or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor."

40. After making the disclosures identified in part above, Plaintiff suffered adverse employment action, which adverse actions are reported in part above.

41. Plaintiff maintains that the actions of all employees within

Defendant who affected his employment adversely did so in retaliation against him for his "whistle blowing" activities.

As a direct and proximate result of the actions taken against him by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, and other tangible and pecuniary damages. These damages have occurred in the past, are occurring at present and will occur in the future. Plaintiff has also retained the undersigned to represent his interests in this cause and is obligated to pay her a reasonable fee and costs for her services. Defendant should be made to pay said fee and all costs associated with this action under the laws applicable to this case. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

10

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by CM/ECF service only to all counsel of record this 15th day of June, 2018.


/s/ Marie A. Mattox
Marie A. Mattox